IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| MICHELE FANDINO | : | CASE NO: |
|    Plaintiff. | : | |
| | : | |
| v. | : | |
| | : | |
| CAWLEY & BERGMANN, LLC | : | |
|    Defendant. | | |
| _____/ | | |

## NOTICE OF REMOVAL

Defendant Cawley & Bergmann, LLC ("Defendant"), by and through its undersigned counsel, hereby petitions this Court as follows, pursuant to 28 U.S.C. § 1441(a):

1. Cawley & Bergmann, LLC is a defendant in an action pending in the County Court of the Seventeenth Judicial Circuit of Florida, in and for Broward County, Florida, Case No. COCE-21-003712 ("the State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit "A".

2. Plaintiff in the State Court Action is Michele Fandino ("Plaintiff"). See Exhibit "A".

3. Plaintiff's State Court Action alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* and the Florida Consumer Collection Practices Act, Florida Statute § 559.72(18).

4. The State Court Action involves a question of Federal law. Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."

6. In addition, pursuant to 28 U.S.C. § 1441(c)(1)(B), "If a civil action includes…a claim not within the original or supplemental jurisdiction of the district court…the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)".

7. Since this case arises out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., Defendant may properly remove the State Court Action to this Court based on 28 U.S.C. § 1441(a) and (c)(1)(B).

8. Pursuant to 28 U.S.C. § 1446(b)(1), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant…"

9. Defendant was served with the Summons and Complaint in this matter on February 1, 2021. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, entitled Computing and Extending Time:

> The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> (1) *Period Stated in Days or a Longer Unit*. When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period.

10. Therefore, this Notice has been filed with the Court within thirty (30) days after purported service of the Complaint on Defendant.

WHEREFORE, Defendant Cawley & Bergmann, LLC, prays that the State Court Action be removed from the County Court of the Seventeenth Judicial Circuit of Florida, in and for Broward County, Florida to this Court for proper and just determination.

Dated: February 22, 2021

EMERY LAW, PLLC

By: _____
ALISON N. EMERY, ESQUIRE
Fla. Bar No. 621641
5100 Gate Parkway, Bldg 100, Suite 100
Jacksonville FL 32256
(904) 404-3394 (phone)
alison@jaxlawyer.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, ALISON N. EMERY, ESQUIRE, Counsel for Defendant Cawley & Bergmann, LLC hereby certify that on this date I served a true and correct copy of the foregoing via electronic mail on the following:

Jirbrael S. Hindi, Esq.
jibrael@jibraellaw.com
Thomas J. Patti, Esw.
tom@jibraellaw.com
Attorneys for Plaintiff

Dated:   March 3, 2021