**CT Corporation**

**Service of Process Transmittal**
02/01/2021
CT Log Number 538976967

**TO:** Samantha Palino
Cawley & Bergmann, LLC
550 BROAD ST STE 1001
NEWARK, NJ 07102-4542

**RE:** **Process Served in Florida**

**FOR:** CAWLEY & BERGMANN, LLC (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHELE FANDINO, PLTF. vs. CAWLEY & BERGMANN, LLC, DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # COCE21003712 |
| **ON WHOM PROCESS WAS SERVED:** | NRAI Services, Inc., Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/01/2021 at 04:59 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780100171774<br><br>Email Notification, Samantha Palino spalino@nrarecovery.com |
| **REGISTERED AGENT ADDRESS:** | NRAI Services, Inc.<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>888-263-1128<br>LawFirmTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Feb 1, 2021

**Server Name:** Francisco Carreras

| Entity Served | CAWLEY & BERGMANN, LLC |
|---|---|
| Agent Name | NRAI SERVICES, INC. |
| Case Number | COCE 21-003712 |
| Jurisdiction | FL |



Filing # 120107170 E-Filed 01/22/2021 04:44:23 PM

Case Number: COCE-21-003712 Division: 51

IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA

MICHELE FANDINO,

    Plaintiff(s),

VERSE

CAWLEY & BERGMANN, LLC,

    Defendant(s).

Case No.: COCE-21-003712

Judge:

Division:

ABP# _____
DATE _____ TIME _____
Name _____ Badge/ID# _____
*** scan back executed ***

**SUMMONS/NOTICE TO APPEAR**
**PRETRIAL CONFERENCE [REMOTE APPEARANCE]**

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

**Plaintiff MICHELE FANDINO,**
c/o LAW OFFICES OF JIBRAEL S. HINDI, PLLC, 110 SE 6th Street, 17th Floor, Ft. Lauderdale, FL 33301

**Defendant CAWLEY & BERGMANN, LLC,**
c/o NRAI Services, Inc., 1200 S Pine Island Rd, Plantation, FL 33324

---

Pretrial Information: Appear at

on 03/09/2021 at 9:15 AM
in https://17thflcourts.zoom.us/j/874680432.

---

**IMPORTANT – READ CAREFULLY – THIS CASE WILL NOT BE TRIED AT THAT TIME.
DO NOT BRING WITNESSES – APPEAR IN PERSON OR BY ATTORNEY.**

**THESE ARE THE THINGS YOU MUST DO:**

**STEP ONE.** Promptly contact Court Mediation Services at Smallclaims@17th.flcourts.org. to schedule your FREE mediation before the Court's neutral mediators in an attempt to resolve you case and/or arrange for a payment plan. [Please provide your name and case number in your email.] If you resolve your case, you will not need to attend the pretrial conference.

**STEP TWO.** If your case does not resolve before the pretrial conference date above, locate the zoom Videoconference information for your assigned division on the attached Zoom link information page or as noted above. You can also locate the Zoom link at **http://www.17th.flcourts.org/judiciary-list-and-category**. (NOTE: Your Division Number is indicated at the very top of this page.) If you do not have an attorney, you may appear by telephone if you do not have access to video appearance through your computer or telephone.

Page 1 of 4

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 01/22/2021 04:44:20 PM.****

The telephone number is also available for each Division at http://www.17th.flcourts.org/judiciary-list-and-category.

**STEP THREE.** Attend the pretrial conference by Zoom videoconference. The defendant(s) must appear on the date specified above at the assigned time to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

**ADDITIONAL INFORMATION.** Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal or a business entity. A principal is defined as being an officer, member, managing member, or partner in the business entity. Written authorization must be filed with the Court prior to the pretrial conference.

The purpose of the pretrial conference is to note your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of the witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long the trial will take.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE:** The law gives the person or company who has sued you the right to file the lawsuit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note was signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in the contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where the payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court at least 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's('s) attorney, if any.

A copy of the statement of claim shall be served with this summons /notice to appear.

Issued on _____ JAN 27 2021 _____.

Filed by: _____

Address: _____

_____

BRENDA D. FORMAN
AS CLERK OF THE COURT

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

### ZOOM LINK INFORMATION (BROWARD COUNTY)

**Step 1**: Locate your division number on the very top of the first page of this Summons

**Step 2**: Access via computer the Zoom Link below corresponding to your assigned division number.

**Step 3**: Follow the instructions on your computer screen and select ONE of the audio conference options. You may join by phone call or by computer audio (speaker and microphone required for computer audio). Please note that COUNSEL must join by computer audio/video so that you are easily identified.

**Step 4**: If you do not have access to computer video/audio, you may call by telephone:

US toll-free numbers (888) 475-4499,

(833) 548-0276, (833) 548-0282, or (877) 853-5257

When prompted on the telephone for the "Meeting ID," use the 9 to 11-digit code at the end of the division link below.

Division 47 https://17thflcourts.zoom.us/j/95687147196

Division 48 https://17thflcourts.zoom.us/j/292953734

Division 49 https://17thflcourts.zoom.us/j/906144255

Division 50 https://17thflcourts.zoom.us/j/154272965

Division 51 https://17thflcourts.zoom.us/j/874680432

Division 52 https://17thflcourts.zoom.us/j/530095888

Division 53 https://17thflcourts.zoom.us/j/401645765

Division 54 https://17thflcourts.zoom.us/j/911872548

Division 55 https://17thflcourts.zoom.us/j/832434674

Division 56 https://17thflcourts.zoom.us/j/121103675

Division 60 https://17thflcourts.zoom.us/j/990901272

Division 61 https://17thflcourts.zoom.us/j/606672692

Division 62 https://17th.flcourts.zoom.us/j/98661669177

Division 70 https://17thflcourts.zoom.us/j/561587919

Division 71 https://17thflcourts.zoom.us/j/294767991

Division 72 https://17thflcourts.zoom.us/j/402362403

Division 73 https://17thflcourts.zoom.us/j/499985495

Division 80 https://17thflcourts.zoom.us/j/489403007

Division 81 https://17thflcourts.zoom.us/j/855034385

Division 82 https://17thflcourts.zoom.us/j/190948749

Division 83 https://17thflcourts.zoom.us/j/684278427

Filing # 120107170 E-Filed 01/22/2021 04:44:23 PM

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. COCE-21-003712

MICHELE FANDINO,

    Plaintiff,

v.

CAWLEY & BERGMANN, LLC,

    Defendant.

_____/

## STATEMENT OF CLAIM

Plaintiff Michele Fandino ("Plaintiff") sues Defendant Cawley & Bergmann, LLC ("Defendant") for violations the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3. The amount in controversy is greater than $500.00, but does not exceed $8,000.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a New York limited liability company, with its principal place of business located in Newark, New York.

7. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

8. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

10. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

11. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and the original creditor of the Consumer Debt, CitiBank, involving an unsecured line of credit (the "Subject Service").

12. The Subject Service was primarily for personal, family, or household purposes.

13. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

14. Defendant is a business entity engaged in the business of collecting consumer debts.

15. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

PAGE | 2 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

17. Defendant's "Consumer Collection Agency" license number is CCA0900408.

18. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

19. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

20. In the first weeks of Janurary-2020, a global pandemic caused by the COVID-19 virus began spreading across the world, causing extensive logistical problems for businesses on a nationwide scale, but most pointedly, resulted in unprecedented devastation to consumers nationwide – all of which became pervasive public knowledge (the "Pandemic").

21. On January 31, 2020, a United States Public Health Emergency was announced due to the Pandemic.

22. On March 01, 2020, a Florida Public Health Emergency was announced due to the Pandemic.

23. On March 13, 2020, a United States National Emergency was announced due to the Pandemic.

24. As a result of the onset of the Pandemic, of which remains on going, Defendant knew that attempting to collect consumer debts amid the Pandemic would be unusual and inconvenient to consumers, as the Pandemic has publicly caused unprecedented economic and financial devastation to consumers nationwide without reservation.

25. As a result of the onset of the Pandemic, of which remains on going, Defendant knew that attempting to collect consumer debts amid the Pandemic would severely harass the target consumer.

26. Subsequent to the onset of the Pandemic, Defendant sent a letter, dated April 07, 2020, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt.

27. Attached hereto as Exhibit "A" is a copy of the Collection Letter.

28. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

29. The Collection Letter represents an action to collect a debt by Defendant.

30. Defendant identifies itself as a "debt collector" in the Collection Letter.

31. In the Collection Letter, Defendant states that it (the Collection Letter) is "an attempt to collect a debt."

32. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

## *COUNT I.*
## VIOLATION OF 15 U.S.C. § 1692c(a)

33. Plaintiff incorporates by reference paragraphs 1-32 of this Complaint as though fully stated herein.

34. Section 1692c of the FDCPA mandates, *inter alia*, that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt … **at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.**

15 U.S.C. § 1692c(a)(1) (emphasis added).

PAGE | 4 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35.     As stated above, Defendant mailed Plaintiff the Collection Letter in an attempt to collect the Consumer Debt during the Pandemic. Defendant knew or should have known that the Pandemic, unquestionably, resulted in *unusual* circumstances during time § 1692c(a)(1) prohibits the collection of the Consumer Debt. Further, Defendant knew or should have known that, due to the Pandemic, attempting to collect the Consumer Debt would, unquestionably, be inconvenient, as consumers nationwide were plunged into such economic and financial turmoil that an emergency stimulus bill, valued in the trillions of dollars, was warranted – and thereafter effectuated – within a matter of weeks.

36.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

## *COUNT II.*
## VIOLATION OF FLA. STAT. § 559.72(18)

37.     Plaintiff incorporates by reference paragraphs 1-32 of this Complaint as though fully stated herein.

38.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "*Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*" Fla. Stat. § 559.72(7).

PAGE | 5 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

39. As stated above, Defendant knew that attempting to collect the Consumer Debt from Plaintiff amid the Pandemic would be reasonably expected to harass Plaintiff, and nevertheless, Defendant proceeded to mail the Collection Letter to Plaintiff. As such, by and through the Collection Letter, Defendant violated Fla. Stat. § 559.72(7).

40. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

Dated: January 22, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"

## CAWLEY & BERGMANN, LLC
550 Broad Street, Suite 1001 Newark, NJ 07102
TELEPHONE: 855-650-0323 FAX: 201-944-5459

April 07, 2020

| Current Creditor: | Cavalry SPV I, LLC |
|---|---|
| Our File Number: | 3139645 |
| Original Account Number: | 5************6179 |
| Original Creditor: | Citibank, N.A. |
| Balance Owed: | $2,924.06 |

Michele Fandino:

### AFFORDABLE OPTIONS TO RESOLVE THIS ACCOUNT!

This company has been contracted to collect a debt owed by you to Cavalry SPV I, LLC.

| Single Payment Option: | 2 Month Payment Plan: | Balance in Full Payment Plan: |
|---|---|---|
| ➤ Take **$877.22** off the balance.<br>➤ Pay **$2,046.84** no later than 05/22/20.<br>➤ Your account will be considered **"Settled in Full"** after we post your payment.* | ➤ Take **$584.81** off the balance.<br>➤ Pay 2 equal monthly installments of **$1,169.62**.<br>➤ First Payment due no later than **05/22/20** and every 30 days thereafter.<br>➤ Your account will be considered **"Settled in Full"** after we post your final payment.* | ➤ Subject to your rights described in this letter, contact us to discuss an affordable monthly payment arrangement.<br>➤ Your account will be considered **"Paid in Full"** once the account reaches a zero balance. |

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion hereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Your payment must be received in our office by the date indicated above, in good funds, or this offer will be null and void. Upon clearance of funds this debt will be considered settled in full. We are not obligated to renew this offer.

This is an attempt to collect a debt, and any information obtained will be used for that purpose.
This communication is from a debt collector.

💻 - **Pay Online:** www.cawleyandbergmann.com **(24/7 access)** Follow the online instructions
**Office Hours:** Mon Thu 8:00am - 8:00pm EST, Fri 8:00am - 6:00pm EST

CSG/LHO04   319024349627   1361/000061/0001

Filing # 120107170 E-Filed 01/22/2021 04:44:23 PM

**FORM 1.997.  CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.  CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

<u>Michele Fandino</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Cawley & Bergmann, LLC</u>
Defendant

**II.  AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☒ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

**III.  TYPE OF CASE**  (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   2

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Thomas John Patti III          Fla. Bar # 118377
         Attorney or party                                    (Bar # if attorney)

Thomas John Patti III                      01/22/2021
(type or print name)                       Date