UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MICHELE FANDINO,                            Case No. 0:21-cv-60498-RS

    Plaintiff,                          Hon. Rodney Smith
                                            Judge Presiding
v.

CAWLEY & BERGMANN, LLC

    Defendant.

_____/

**DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, Cawley & Bergmann, LLC ("Cawley" or "Defendant") by and through counsel, submits this Partial Opposition to Plaintiff Michele Fandino's ("Fandino" or "Plaintiff") Motion to Remand (Doc. No. 5) and states as follows:

**Statement of Facts and Procedural History**

Plaintiff filed a two count Complaint in the County Court in and for Broward County, Florida on or about January 22, 2021. The Complaint outlines the gravity of the public health emergency that gripped the State of Florida and the United States of America beginning in January 2020 and asserts that any attempt to collect a debt from an individual violates both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla Stat. § 559.55, *et seq.* ("FCCPA"). Plaintiff specifically alleges that Cawley, by sending her a letter during the public health emergency, communicated with her during unquestionably inconvenient circumstances in violation of the FDCPA. 11 U.S.C. § 1692c(a)(1).

Because Plaintiff's complaint asserts a claim under the FDCPA, this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331. Thus, Cawley removed the case to this

Court pursuant to 28 U.S.C. § 1441. Plaintiff has filed a motion to remand asserting that this court does not have subject matter jurisdiction over this matter because the Complaint alleges only a statutory violation of the FDCPA and that Plaintiff does not have standing in this Court.

After filing the notice of removal, counsel for Cawley discussed remand and settlement with Plaintiff's counsel and agreed to remand this case on consent while the parties were negotiating. This consent was provided to counsel for the Plaintiff on March 8, 2021, eight days before Plaintiff filed this unnecessary motion to remand. Moreover, the fact is that Plaintiff has plead sufficient facts to establish subject matter jurisdiction (although her Complaint does not actually state a claim in this or any court and must ultimately be dismissed with prejudice). Thus, even though the removal was proper, Cawley will still honor counsel's consent to remand but vehemently opposes the award of any attorney's fees to Plaintiff for filing an unnecessary motion.

**Standard of Review**

It is well settled that a defendant may remove a case to federal court from state court if the matter could have originally been filed in federal court. *See Stone v. Bank of N.Y. Mellon, N.A.*, 609 Fed. Appx. 979, 981 (11th Cir. 2015) (citing 28 U.S.C. §§ 1331, 1441(a)). "A claim arises under federal law for purposes of § 1331 when the plaintiff's complaint establishes that federal law either creates the cause of action or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law." *Id.*

The statutory prerequisite to removal only requires a "short and plain statement" of the grounds for removal. 28 U.S.C. § 1446. The statute does not require a removing defendant to prove all of the elements of a Plaintiff's cause of action (including standing). *See also Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211 (S.D. Fla. 2020) (notice of removal does not require allegations regarding standing but rather only the source of original jurisdiction). Rather,

the court will refer to Plaintiff's complaint to determine jurisdiction. *See Kowallek v. PNC Bank, N.A.* 15-14126-CIV, 2015 U.S. Dist. LEXIS 195539 (S.D. Fla. Aug. 26, 2015) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Plaintiff, as the master of her complaint, can avoid federal jurisdiction by exclusive reliance on state law. *Id.*

## Argument

I.   **Plaintiff's Complaint Establishes Subject Matter Jurisdiction**

In her motion to remand, Plaintiff relies on *Trichell v. Midland Credit Mgmt.*, 964 F.3d 990 (11th Cir. 2020) and other completely distinguishable cases filed under the Telephone Consumer Protection Act ("TCPA") for her argument that this court lacks subject matter jurisdiction over her claim. However, the claims and facts of *Trichell* are completely distinguishable from this case and *Trichell's* holding supports jurisdiction in this matter.

The parties agree that in order to establish Article III standing a plaintiff's complaint must allege (1) that plaintiff has suffered an injury in fact; (2) that defendant's conduct cause that injury; and (3) that a favorable decision will redress the injury. *Trichell*, 964 F.3d at 996. In her motion to remand, Plaintiff simply "affirmatively disputes that [her] specific allegations confer Article III standing." (Plaintiff's Brief, p. 4). However, this affirmation ignores the analysis performed by *Trichell* and its holdings on what constitutes an injury in fact.

"The 'foremost' standing requirement is injury in fact. An injury in fact consists of 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' A 'concrete' injury must be '*de facto*'—that is, it must be 'real, and not abstract.' A 'particularized' injury 'must affect the plaintiff in a personal and individual way.' *Trichell*, 964 F3d. at 996. In *Trichell,* the 11th Circuit found that the Plaintiffs' claims failed to establish standing because they had not alleged any cognizable injury in fact.

Rather, they sought to "recover for representations that they contend were misleading or unfair, but without proving even that they relied on the representations." *Id.* at 998. The letters at issue in *Trichell* were alleged to have contained misrepresentations regarding whether the defendant could file a lawsuit or report the debt to credit-reporting agencies in violation of 15 U.S.C. 1692e. Critical to the *Trichell* analysis, Plaintiffs' Complaints did not allege that they were misled or relied on the alleged misrepresentations and so the 11th Circuit found that there was no injury in fact.

The elements missing from *Trichell's* complaint are however present in Plaintiff's Complaint. Here, Plaintiff's Complaint is not based upon a misrepresentation of Plaintiff's rights under the law that Plaintiff did not plead she relied on to her detriment. Rather, Plaintiff's Complaint is squarely based on the sole fact that Defendant sent her a communication "at an unusual time or place or a time or place known or which should be known to be inconvenient" under 15 U.S.C. 1692c(a). Unlike *Trichell* which involved an abstract claim about a technical misrepresentation of a statute, Plaintiff's claim alleges that the communication with her was so "unusual" or "inconvenient" in the face of the pandemic which she describes in her Complaint. Plaintiff alleges that the State of Florida and the United States of America were under public health emergencies and that *any attempts to collect a debt* during these emergencies are necessarily "unusual" and "inconvenient" and so her receipt of the Defendant's letter caused her injury. The allegations of "unusual" and "inconvenient" communications are at their very nature concrete and particularized harms that more than satisfy the injury in fact requirements to establish standing under *Trichell*.[1] Plaintiff's allegation is not that she was misled or confused by the letter as was the case in *Trichell*. Instead, she complains that § 1692c(a)(1) of the FDCPA prohibits a debt

---

[1] Defendant is only arguing that the allegation that a communication was made at an "unusual" or "inconvenient" time or place is sufficient to establish Article III standing based on the text of the FDCPA. Defendant is not arguing that the communication at issue here was in fact made at an "unusual" or "inconvenient" time and intends to file a separate motion to dismiss as Plaintiff's entire legal theory fails to state a claim.

collector from communicating with her during a pandemic and that Defendants communication during a national pandemic is, standing alone, a real, concrete injury, because it was received at an inconvenient time or place. To be sure, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" and "a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

None of the other cases cited by Plaintiff support remand here under *Trichell* as they are all claims for statutory violations under the TCPA. *Jenkins v. Simply Healthcare Plans, Inc.*, 479 F. Supp. 3d 1282 (S.D. Fla. 2020); *Avedyan v. CMR Constr. & Roofing, LLC*, 20-81362-CIV, 2020 U.S. Dist. LEXIS 221149 (S.D. Fla., Nov. 24, 2020); and *Mittenthal v. Fla. Panthers Hockey Club, Ltd*, 472 F. Supp. 3d 1211 (S.D. Fla. 2020) all involve receipt of a single text messages and statutory violations of the TCPA and analyze standing under the 11th Circuit's decision in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019). The *Salcedo* holding is very specific in that allegations of receipt of a single unsolicited text message is insufficient to confer Article III standing. In fact, the rationale of *Salcedo* proceeds from the court's understanding that "Congress's legislative findings about telemarketing suggest that the receipt of a single text message is qualitatively different from the kinds of things Congress was concerned about when it enacted the TCPA." *Id.*, at 1169. As the decision notes, there is "nothing" contained in the text of the TCPA concerning harms "from telemarketing via text message generally." *Id.*, at 1168-69.

Here, Congress in the FDCPA was specific in seeking to prevent "[a]busive debt collection practices [that] contribute to . . . invasions of individual privacy. 11 U.S.C. § 1692(a). To that end, Congress sought to protect consumers by prohibiting a debt collection communication at an inconvenient time or place (§1692c(a)(1)) and Plaintiff alleges that Defendant's debt collection

communication was made at a time it was allegedly prohibited by the FDCPA. Thus, Cawley's removal was entirely proper at the time it was made.

## II.   There Is No Basis for an Award of Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal." An award of attorney's fee and costs is within the discretion of the trial court. *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004). However, the Supreme Court has cautioned that courts may award attorneys' fees under the removal statute "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Eleventh Circuit has recognized that there is no presumption in favor of awarding fees and that *Martin's* objectively reasonable standard is "the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006)

Courts continuously deny such requests for attorney's fees when there is a reasonable basis for the removal. *See e.g. Foley v. Mut. Protective Ins. Co.*, No. 06-60931-CIV, 2006 U.S. Dist. LEXIS 109477 (S.D. Fla. Aug. 28, 2006) ("Here, the Court does not find that subject matter jurisdiction was so 'patently lacking' as to warrant an award of attorney's fees"). In fact, not one of the post-*Trichell* cases cited by Plaintiff in the motion to remand awards attorney's fees, including *Avedyan*, which was filed by Plaintiff's attorneys. Here, the fact is that the legal issue presented in this case is entirely distinguishable from that which was at issue in *Trichell* and thus, Cawley had more than an objectively reasonable basis for its removal.

Finally, there was no basis for Plaintiff to file a fully briefed motion to remand when in fact counsel for Cawley had previously consented to the remand. Attached hereto as Exhibit "A" is a copy of the e-mail from Cawley's attorney stating that she would consent to the remand. In light of that e-mail, sent on March 9, 2021, counsel for Plaintiff only needed to file a consent motion to remand similar to the one they filed in *Turzio v. Redbox Automated Retail, LLC*, 20-62129-CIV, 2021 U.S. Dist. LEXIS 213145 (S.D. Fla. Nov. 12, 2020) or a stipulation to remand similar to the one they filed in *Farooq v. Healthcare Revenue Recovery Group., LLC*, No. 21-60385-CIV, 2021 U.S. Dist. LEXIS 40870 (S.D. Fla. Mar. 3, 2021).

Rather than take this simple course of action which would not waste judicial resources, Plaintiff instead chose to file a motion to remand seeking to expand the scope of Eleventh Circuit precedent in this area. Moreover, when Defendant proposed a consent order remanding the case, Plaintiff refused unless Defendant would pay the attorney's fees incurred for his unnecessary motion. A copy of the e-mail thread proposing the consent order to remand and Plaintiff's refusal is attached hereto as Exhibit "B." Thus, if anyone should be entitled to counsel fees it is actually Cawley who now has had to incur fees to defend what can only be characterized as a motion filed solely for the purpose of generating attorney's fees.

WHEREFORE, Defendant Cawley & Bergmann, LLC, respectfully requests that this Court deny that portion of Plaintiff's Motion to Remand seeking attorney's fees and costs and provide such further and additional relief as this Court deems just and proper.

Dated: April 13, 2021                           Respectfully submitted,

                                                **CAWLEY & BERGMANN, LLP,**

                        By:    /s/ Christopher P. Hahn
                                Christopher P. Hahn, Esq.
                                MAURICE WUTSCHER LLP
                                Florida Bar No. 87577
                                2255 Glades Road, Suite 324A
                                Boca Raton, FL 33431
                                Direct: (772) 237-3410
                                Fax: (866) 581-9302
                                E-mail: chahn@MauriceWutscher.com
                                litigation@MauriceWutscher.com


**Certificate of Service**

      The undersigned hereby certifies that on this **13th day of April, 2021**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

                                                  /s/ Christopher P. Hahn